UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CELSO MARTINS, ALEXANDRE ROCHA, and CALVIN ANDERSON, on behalf of a themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>3PD, INC.,<br><br>Defendant. | Case No. 1:11-cv-11313-DPW |

## ORDER AND MEMORANDUM APPOINTING SPECIAL MASTER UNDER RULE 53(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In accordance with the Court's memorandum and order dated March 27, 2014, the Court hereby appoints Scott Moriarty to serve as special master in this case. The Court makes this appointment pursuant to Federal Rule of Civil Procedure 53(b)(1) and the Court's inherent equitable powers. The duties of the special master shall be the following:

1. The special master may conduct hearings and issue findings of fact and conclusions of law regarding the assessment of damages for each individual who signed a delivery service agreement with the defendant as further outlined in this Court's decision on March 27, 2014 (Doc. #141). Specifically, based on the evidence submitted, the master shall determine (for class members who do not opt-out) the deductions which the Court's memorandum and order of March 27, 2014, has determined is recoverable, from compensation that was specifically attributable to the work that such class member personally performed (as outlined in this Court's memorandum and order, Doc. #141).

2. The master shall have the authority to conduct evidentiary hearings and exercise the

power to compel production of documents, take and record evidence.

    3. Pursuant to Rule 53(g)(1), the special master shall submit a report to this Court containing findings of fact regarding the damages/deductions due each class member. The calculation shall be based on the evidence before the special master, and shall be guided by this Court's decision dated March 27, 2014. The special master shall provide a damages figure for each class member based on the evidence received.

    4. Pursuant to Rule 53(g)(2), any party may file an objection to the magistrate's Findings, and/or report, within 21 days of the date it is electronically filed with this court.

    5. As provided in Rule 53(g)(4), (5), the court shall review de novo all objections to any findings of fact or conclusions of law made or recommended by the special master.

    6. The special master will be entitled to compensation under Rule 53(b)(2)(E). His compensation shall be borne in equal parts by the parties. The master shall also be reimbursed for any reasonable expenses incurred in this assignment.

    7. The special master shall keep, in a segregated file, any documents or records collected as part of this proceeding.

    8. Pursuant to Rule 53(b)(3), the special master has filed an affidavit stating that no grounds for disqualification under 28 U.S.C. § 455 exist. See Doc. #151.

SO ORDERED.

Dated: June 6, 2014

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT

2